UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

**JONATHAN REICH,**                                    **COMPLAINT AND**
                                                        **JURY DEMAND**
                        Plaintiff,


        -against -


**THE CITY OF NEW YORK,** and **POLICE
OFFICER JOHN FOGELMAN,** in his individual
and official capacity as a Police Officer employed by the
City of New York,


                        Defendants.
-------------------------------------------------------------X

        Plaintiff, JONATHAN REICH, by his attorney, Courtney K. Davy, Esq., as and for

his Complaint, hereby alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

        1.  This is a civil rights action in which Plaintiff seeks relief for the violation of his

rights secured by 42 U.S.C. § 1983, 1988, the Fourth, Fifth, Sixth, Eight and Fourteenth

Amendment to the United States Constitution.

        2.  This claim arises from an arrest on November 21st, 2016, in which Officers of

the New York City Police Department ("NYPD"), acting under the color of state law,

intentionally and willfully subjected plaintiff to, inter alia, false arrest and false

imprisonment.

        3.  Plaintiff seeks money damages (special, compensatory, and punitive) against the

defendants, as well as an award of costs and attorneys' fees, and such other and further

relief as the Court deems just and proper.

## JURSDICTION

        4.  This action is brought pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

6. Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant City of New York is located within, and a substantial part of the event giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff, Jonathan Reich, is a United States citizen and at all times herein relevant resides in Queens County, City and State of New York.

8. The City of New York ("the City") is a municipality corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York City Police Department (NYPD), was responsible for the appointment, training, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Officer, JOHN FOGELMAN, at all times here relevant, is a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Officer, JOHN FOGELMAN, was Plaintiff's "arresting officer" and was under the command of the 107th precinct of the NYPD. Defendant, John Fogelman, is sued in his individual capacity.

10. All other individual Defendants ("the officers"), including John Does #1-4, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

11. At all times here mentioned defendants were acting under the color of state law,

to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

12. At all times hereinafter mentioned, the Plaintiff JONATHAN REICH is an individual and resides in Flushing, NY.

13. Upon information and belief, and at all times hereinafter mentioned, defendant City of New York, was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

14. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under the provisions of the State and/or City of New York.

15. Upon information and belief, and at all times hereinafter mentioned, defendant Police Officer JOHN FOGELMAN was and now is a New York City Police Officer, who employed with the New York City Police Department on the date of this incident.

16. At the time of the alleged incident and at all times pertinent hereto, the defendant Police Officer JOHN FOGELMAN acted under color of State Law or a statute, ordinance, regulation or custom.

17. The District Attorney's Office ["D.A."] and Assistant District Attorneys of the Queens County ["ADAs"] are agents and employees of the City of New York with offices at 80-02 Kew Gardens Rd, Kew Gardens, NY 11415.

18. Upon information and belief, the Queens District Attorney is responsible under State law for making policy in the County of Queens for the City of New York and is a policymaker for the City of New York by virtue of its conduct.

## NOTICE OF CLAIM

19. Within 90 days of the incident, Plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of the notice,

and this matter has not been settled or otherwise disposed of.

## **STATEMENT OF FACTS**

20. On November 21, 2016, JONATHAN REICH was arrested based upon an alleged "fugitive" warrant.

21. Plaintiff was arrested on November 21, 2016 by Police Officer JOHN FOGELMAN.

22. After his arrest, Plaintiff remained in jail for 95 days, without given any opportunity for bail on an alleged out-of-state misdemeanor allegation, while no New York charges were ever made against him before being extradited to Connecticut outside, and in blatant violation of the pursuant statutes of CPL 570.

23. From November 2016 - February 2017, Plaintiff under false pretenses, was falsely imprisoned without bail and held as a fugitive in direct conflict with a prior internal New York Police Department IAB investigation, which determined that Plaintiff was not a fugitive and that Plaintiff was in regular communications with NYPD during the time that Plaintiff was an alleged fugitive.

24. Notwithstanding the foregoing, Plaintiff was held without bail and wrongfully imprisoned at A.M.K.C. a Riker's Island facility, and V.C.B.C. for 95 days in violation of his rights under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution, New York law and the Uniform Criminal Extradition Act, and CPL 570.

25. On May 13th, 2016, pursuant to a complaint filed with the NYPD by Plaintiff, there was an Internal Affairs Bureau's investigation regarding some of the underlying allegation giving rise to the abovementioned warrant in which law enforcement officials from the state of Connecticut claimed that they had a joint investigation against Plaintiff with NYPD Detective Kevin Hogan. The IAB investigation disproved the foregoing allegations and the Queens District Attorney's Office had a copy of said IAB report and

did not provide it in open file discovery and as a possible exculpatory evidence in violation of Plaintiff's Brady rights.

26. Notwithstanding the foregoing, NYPD Detective John Fogelman, Tax Reg # 905436, filed a fraudulent sworn statement against Plaintiff claiming that Plaintiff was a fugitive from justice since November 30, 2015.

## PLAINTIFF'S CLAIM

27. Upon information and belief, exculpatory material regarding the Plaintiff's arrest was in the possession of the Queens District Attorney's Office and it failed to turn over such exculpatory evidence in a timely manner and purposely concealed it. The failure to turn over Brady exculpatory material for 95 days was more than wrongful conduct by one ADA. It was perpetuated and ratified by high level officials in the Queens District Attorney's Office, who tried to cover up the misconduct, and failing that, withheld additional exculpatory evidence.

28. This alleged misconduct by the Queens District Attorney, by concealing exculpatory evidence, favoring the defense, has a long history and has been the subject of prior lawsuits.

29. Because the Queens District Attorney is a policy maker for the City of New York with respect to the administration of that office, the unlawful policies and practices complained of in tolerating such misconduct was the moving force and proximate cause of the Plaintiff's detention for ninety-five (95) days and the City is therefore liable to the Plaintiff pursuant to Monell v. City of New York and 42 U.S.C. § 1983.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER JOHN FOGELMAN, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-15" AND FURTHER ALLEGES AS FOLLOWS:**

30. Upon information and belief, the actions taken as aforesaid by Defendant Police Officer JOHN FOGELMAN was an unreasonable search and seizure in violation of the Fourth

Amendment and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

31. Upon information and belief, Defendant Police Officer JOHN FOGELMAN, acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

32. Solely by reason of the above, the Plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to Plaintiff's great damage.

33. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TEN MILLION [$10,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION, AGAINST DEFENDANT
CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH
AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED
AND ENUMERATED "1-15" AND FURTHER
ALLEGES AS FOLLOWS:**

34. Upon information and belief, the actions taken as aforesaid by Defendant Police Officer JOHN FOGELMAN, and other to date unknown Police Officers who arrested the Plaintiff, constituted an unreasonable search and seizure and deprivation of liberty without due process of law.

35. Upon information and belief, Police Officers in the 107th Precinct, have falsely arrested people.

36. Upon information and belief, the 107th Precinct required its Officers to meet a quota of arrests at all times prior to the date of the arrest of the Plaintiff herein.

37. Upon information and belief, at all times pertinent hereto, New York City permitted and tolerated a pattern and practice of unreasonable search and seizures, stop and frisks, denial of prompt medical treatment, and deprivations of liberty without due process of law by Police Officers of the City of New York.

38. Upon information and belief, the City of New York has maintained a system of review of this police conduct which is so untimely and cursory as to be ineffective and which permits and tolerates the unreasonable stop and frisks, search and seizures and deprivations of liberty without due process of law by Police Officers.

39. At all times pertinent hereto, Defendants Police Officer JOHN FOGELMAN and other unknown Police Officers who were involved in the arrest of JONATHAN REICH, were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, or the affirmative link behind the conduct causing the stop of the Plaintiff and the Plaintiff's subsequent injuries.

40. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Defendants Police Officer JOHN FOGELMAN and other Police Officers involved in his arrest.

41. That by reason of the foregoing, the Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRAPHS MARKED AND ENUMERATED "1-15" AND FURTHER ALLEGES AS FOLLOWS:**

42. Upon information and belief, acting individuals on behalf of the Queens District Attorney and ADAs withheld favorable material evidence from the Plaintiff and

his attorney, presented false and misleading testimony and argument against the Plaintiff at his case, failed to correct such testimony and argument, acted to conceal the aforementioned wrongdoing from the Plaintiff and his attorney, and perpetuated and ratified such misconduct during the trial of the Plaintiff.

43. Defendant blatantly violated Plaintiff's rights and collaborated with agents from out-of-state who were targeting Plaintiff with threats of bodily injury and death, aggravated harassment, and trespassing on Plaintiff's property.

44. Defendant permitted fraudulent documents and instruments to be used against Plaintiff, including false sworn statements located within a Governor's Warrant by Honorable New York Governor Andrew M. Cuomo. Perjured statements include certifications that no other charges exist when Defendant was using the extradition process to deny Plaintiff due process of law. The Governor's Warrant contained maliciously sworn statements and incomplete and altered police reports and affidavits. No proper investigation was conducted by Andrew M. Cuomo and his extradition office leading to an unlawful extradition, Cuomo's signature on falsified paperwork, with no extradition hearing or ability to dispute withheld evidence, outside of the statutes of CPL 570 and New York State law.

45. The particular incident referenced was investigated by the Connecticut State Police and in the State of Connecticut Department of Emergency Services and Public Protection Report No. 1200704559-00054069, Investigator TFC Michael A. Downs (Badge No. 0502) who examined the information found "there does not appear to be a violation of any sort."

46. Plaintiff was subjected to inhumane and physically damaging conditions at Rikers Island, including being exposed to harmful mold conditions and poor air quality. Plaintiff was denied safe drinking water and food that was safe to eat according to Plaintiff's dietary restrictions. Plaintiff was denied reasonable medical care and denied

medications he was taking prior to this unlawful incarceration. Plaintiff was forced to wear an identification tag with the word "Jewish" on it placing Plaintiff in unnecessary harm's way and violating his rights to freedom of religion.

47. The Queens District Attorney knows to a moral certainty that is employees, the Assistant District Attorneys and individuals acting on their behalf, will face a given situation; that the situation presents its employees with a difficult choice of the sort that training or supervision will make less difficult and that there is a history of employees mishandling the situations; that the wrong choice by the City employee will frequently cause the deprivation of a citizen's constitutional rights and that the extent of such managerial inadequacies manifests deliberate indifference to the federal constitutional rights of the Plaintiff.

48. The aforesaid conduct operated to deprive plaintiff of his rights under the Federal and State Constitution and the laws of the United States and New York State.

49. The Queens District Attorney and ADAs failure to timely disclose for use at trial all material evidence favorable to his defense, pursuant to Brady v. Maryland, 373 U.S. 83 (1963); the Queens District Attorney and ADAs used false or misleading testimony or argument knowingly and/or recklessly presented by prosecutors in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments; the Queens District Attorney and ADAs violated the plaintiff's right to a fair trial pursuant to the Fifth, Sixth and Fourteenth Amendment; the Queens District Attorney and ADAs violated the Plaintiff's right to be free from an illegal search and seizure by arresting him with evidence that was exculpatory to him; as a result of the arrest, and the presentation of false evidence and/or failure to provide exculpatory evidence for an indefinite time frame after his arrest, violated his Constitutional Rights.

50. ADA George DeLuca-Farrugia, the Director of Extraditions, Renditions and Property Releases at the Queens District Attorney's Office maliciously targeted Plaintiff

and perpetuated knowingly false allegations and statements against Plaintiff while withholding exculpatory evidence and presenting lies to judges.

51. The foregoing violated the Plaintiff's constitutional rights by actions taken under color of State Law.

52. The foregoing violations of the Plaintiff's constitutional rights were directly, proximately and substantially caused by conduct, chargeable to the City of New York, including the institution and implementation of unlawful policies, procedures, regulations, practices and/or customs concerning the continuing obligation to make timely disclosure to the defense, before and during the trial of material evidence favorable to the defense; the duty not to present at trial false, misleading improper or unreliable evidence, testimony, statements or argument; the continuing obligation to correct false inaccuracies, incomplete or misleading evidence, testimony, statements or argument, whenever such acts occurred, and to remedy the harm caused by such acts, and deliberate indifference by policymaking officials at the Queens DA's office in its obligation to properly train, instruct, supervise and discipline its employees, including the ADAs involved in the prosecution of the Plaintiff's case, with respect to such matters.

53. Upon information and belief, the Queens District Attorney and its ADAs have a policy, express or implied, to permit and encourage its ADA's to withhold exculpatory evidence from defendants and its counsel, to cover up the withholding of exculpatory evidence, to orchestrate cover ups, to devise false versions of events, and that this policy has been indoctrinated into the Queens District Attorney's Office so that ADAs in the course of their duty are more likely to withhold exculpatory evidence during the course of a trial.

54. Upon information and belief, the Queens District Attorney and its ADAs has furthered and implemented this policy, by maintaining a system of review of its ADA's conduct, and had notice of, but repeatedly failed to make any investigations into, charges

that employees were violating citizens' constitutional rights, which is so untimely and cursory as to be ineffective, and which permits and tolerates the withholding of Brady Material, and violations of the Constitution and deprivations of liberty without due process of law.

55. At all times pertinent hereto, the ADAs prosecuting the Plaintiff herein were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the Queens District Attorney's office. These systemic policies and practices which were enforced by the Queens District Attorney's office were the moving force, proximate cause, and/or the affirmative link behind the conduct causing the withholding of Brady material, thereby resulting in the Plaintiff's 95 days of incarceration and his resultant injuries.

56. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by the District Attorney of Queens County, personally and through his authorized ADAs.

57. That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendant Police Officer JOHN FOGELMAN in the amount of TEN MILLION ($10,000,000.00) DOLLARS;

II. Judgment on the First Cause of Action against Defendant City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction;

III. Judgment on the Second Cause of Action against Defendant City of New York in an amount which exceeds the jurisdictional limits of all lower courts which would

otherwise have jurisdiction;

IV. Judgment for Punitive Damages against Defendant Police Officer JOHN FOGELMAN, in the amount of TEN MILLION [$10,000,000.00] DOLLARS;

V. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED: October 28, 2019
       New York, New York

               Yours, etc.,

               /s/
               _____
               Courtney K. Davy, Esq.
               Attorney for the Plaintiff
               305 Broadway, Suite 1400
               New York, NY 10007
               516-850-1800

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| **JONATHAN REICH,** | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | VERIFICATION |
| | ) | |
| vs. | ) | |
| | ) | |
| **THE CITY OF NEW YORK,** and **POLICE** | ) | |
| **OFFICER JOHN FOGELMAN,** in his individual | ) | |
| and official capacity as a Police Officer employed | ) | |
| by the City of New York, | ) | |
| Defendant. | ) | |

_____ )

JONATHAN REICH, being duly sworn, deposes and says:

I am the plaintiff in the within action. The foregoing Verified Complaint has been read to me and I know the contents thereof; that the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief and as to those matters, I believe them to be true.

_____
JONATHAN REICH

### **INDIVIDUAL VERIFICATION**

On the _____ day of November in the year 2019, before me, the undersigned, personally appeared

JONATHAN REICH

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public