UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 19-CV-6491 (EK) (RER)
_____

JONATHAN REICH,

Plaintiff,

VERSUS

CITY OF NEW YORK, AND DETECTIVE JOHN FOGELMAN IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A POLICE OFFICER EMPLOYED BY THE CITY OF NEW YORK, JOHN DOES #1-8, GEORGE DELUCA-FARRUGIA IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS AN ASSISTANT DISTRICT ATTORNEY EMPLOYED BY THE CITY OF NEW YORK, KATHY HOCHUL IN HER OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF NEW YORK, AND ANDREW M. CUOMO IN HIS INDIVIDUAL CAPACITY,

Defendants.

_____

**REPORT & RECOMMENDATION**

October 5, 2021
_____

TO THE HONORABLE ERIC R. KOMITEE
UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

1

On October 5, 2020, Plaintiff Jonathan Reich ("Plaintiff"), *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. §§ 1983 and 1988 alleging: that (1) Defendants[1] conspired[2] with unnamed officials in Connecticut to violate his civil rights; (2) the Governor of New York[3] failed to conduct a "proper investigation," as required by N.Y.C.P.L.R. § 570, before signing the Governor's Warrant that permitted Plaintiff's extradition to Connecticut; and (3) the New York Governor's office failed to produce information that he requested pursuant to New York's Freedom of Information Law, N.Y. Pub. Off. L. § 86. (*See generally* Dkt. No. 19 ("Am. Compl.")). On April 23, 2021, former Governor Cuomo filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5) and 12(b)(6). (Dkt. No. 38). For the reasons set forth herein, I respectfully recommend that the motion be granted, and that the claims against the Governor of New York and Cuomo be dismissed with prejudice.

## BACKGROUND

### I.   Factual History

---

[1] The claims against Defendants the City of New York, Assistant District Attorney George DeLuca-Farrugia, and Detective John Fogelman, were addressed in a separate Report & Recommendation (Dkt. No. 44) on their motion to dismiss (Dkt. No. 22).

[2] As explained in my previous Report & Recommendation (Dkt No. 44), Plaintiff has not plead any facts to support a conspiracy claim under Section 1983. *Reich v. City of New York*, No. 19-CV-6491 (EK) (RER), 2021 U.S. Dist. LEXIS 137948, at *9 (E.D.N.Y. July 23, 2021). Since this issue has already been fully addressed, it will not be discussed again here.

[3] Andrew Cuomo ("Cuomo") was the Governor of New York when the acts giving rise to these causes of action occurred and when the Amended Complaint was filed. However, on August 24, 2021, before the present motion was decided, Cuomo resigned from office and Kathy Hochul ("Governor Hochul") was sworn in as Governor. *See* Dareh Gregorian, *Horchul Sworn in as N.Y.'s First Female Governor After Cuomo Exit*, NBC NEWS (Aug. 24, 2021), https://www.nbcnews.com/politics/politics-news/hochul-be-sworn-n-y-s-first-woman-governor-after-n1277462.
Pursuant to Federal Rule of Civil Procedure 25(d), Governor Hochul has been substituted as the Governor of New York for the official capacity claim. *See Henry v. Davis*, No. 10 Civ. 7575 (PAC) (JLC), 2011 U.S. Dist. LEXIS 121879, at n. 1 (S.D.N.Y. Oct. 20, 2011). To aid the reader, the term "the New York Governor" will be used when discussing the official capacity claims, "former Governor Cuomo" will be used to describe specific acts taken by Cuomo as governor, and "Cuomo" will be used to discuss the individual capacity claims.

As Your Honor is familiar with the factual background and procedural history of this case, I will dispense with a protracted discussion of each. *Reich v. City of New York et al.*, No. 19-CV-6491 (EK) (RER), 2021 U.S. Dist. LEXIS 137948, at *2-7 (E.D.N.Y. July 23, 2021). The following is provided only to aid in understanding the motion at issue.

In 2013, Plaintiff was arrested in Avon, Connecticut for allegedly harassing the Chief Medical Examiner who performed the autopsies on the victims of the Sandy Hook Elementary School shooting. (Am. Comp. ¶¶ 21; 23). Plaintiff was charged with harassment in the second degree, a misdemeanor. (*Id.* ¶¶ 23, 37). Plaintiff claims that his arrest was in error and that officials conspired to frame him for the harassment charge. (*See id.* ¶ 28). Sometime after his arrest in Connecticut, Plaintiff returned to New York. (*See id.* ¶¶ 28; 57). He was required to return to Connecticut for a court appearance related to the harassment charge. On November 25, 2015, an arrest warrant was issued for Plaintiff after he allegedly failed to appear at the scheduled court appearance. (Dkt. No. 22-3 ("Arrest Warrant")).

On November 21, 2016, Plaintiff was arrested at his residence in Queens County, New York, pursuant to the Arrest Warrant. (Am. Compl. ¶¶ 57, 60–61; Arrest Warrant). Plaintiff was not arrested for any crime in New York other than being a fugitive from Connecticut.

Plaintiff appeared in the Queens County Criminal Court, refused to waive extradition proceedings, and was held without bail at Riker's Island. (*Id.* ¶¶ 60–61; ¶ 95). On February 2, 2017, the Governor of Connecticut submitted an extradition request to the Governor of New York. (Dkt. No. 40-1). Attached to the request was the requisition request from the Connecticut State Attorney's Office (Dkt. No. 40-3) and the Connecticut Arrest Warrant (Dkt. No. 40-4). On February 15, 2017, after receiving and reviewing these materials (Dkt. No. 39 at 13), former Governor Cuomo signed the Governor's Warrant authorizing Plaintiff's extradition to

3

Connecticut. (Dkt. No. 22-6). On February 23, 2017, Plaintiff was extradited pursuant to the Governor's Warrant. (Am. Compl. ¶ 65). Plaintiff, however, claims that former Governor Cuomo failed to do a "proper investigation" before signing the Governor's Warrant (*Id*. ¶ 93) and that former Governor Cuomo signed "falsified paperwork." (*Id*.; *see also id*. ¶ 92).

Allegedly, on September 14, 2017, Plaintiff "requested several public records from Governor [Cuomo's] extradition office pursuant to New York's Freedom of Information Law." (*Id*. ¶ 66). Plaintiff claims that he requested information pertaining to the "statistics of how many people were extradited by the New York Governor's Office over the past 5 years[,]" "how many people were extradited for misdemeanors and how many for felony accusations[,]" and "an accounting of the taxpayer cost" of his extradition. (*Id*. ¶ 67). According to Plaintiff, the Governor's office did not produce records related to these requests. (*Id*.).

## II. Procedural History

Plaintiff filed the Complaint on November 17, 2019. (Dkt. No. 1) On October 5, 2020, Plaintiff filed the Amended Complaint and named for the first time as a defendant former Governor Cuomo, in his individual capacity and official capacity as the Governor of New York. (Dkt. No. 19). On October 21, 2020, the Amended Complaint and Summons were served on Cristal Gazelone, a "Legal Records Supervisor" at the office of the New York State Attorney General in Albany, New York. (Dkt. No. 25 at 1). The Affidavit of Service states that the Legal Records Supervisor "stated they are authorized to accept service for Andrew Cuomo." (*Id*.) There is no indication that Plaintiff also sent a copy via certified mail to the Governor's office, as required by N.Y.C.P.L.R. § 307(2). (*See id*.; (Dkt. No. 39 ("Def.'s Mem.") at 8-9). Nor is there any indication that service was made personally upon Cuomo, as required by N.Y.C.P.L.R. § 308(2). (*See* Dkt. No. 25 at 1; Def.'s Mem. at 8-9).

4

## **LEGAL STANDARDS**

The New York Governor and Cuomo bring this motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). (Def.'s Mem. at 1).

### I.     Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of a claim when there is a 'lack of subject matter jurisdiction' by the federal court and Rule 12(b)(6) provides for dismissal of a claim for a plaintiff's 'failure to state a claim upon which relief can be granted.'" *Lajoie v. N.Y. State Dep't of Civ. Serv.*, No.09-CV-3525 (SLT) (MDG), 2010 U.S. Dist. LEXIS 158939, at *3 (E.D.N.Y. May 26, 2010) (quoting Fed. R. Civ. P. 12(b)(1) and 12(b)(6)). Thus, "when the district court lacks the statutory or constitutional power to adjudicate' a case, it is dismissed pursuant to Rule 12(b)(1)" and if the complaint "does not 'contain sufficient factual matter, accepted as true, to state a claim of relief that it plausible on its face' it will be dismissed pursuant to Rule 12(b)(6)." *Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 356-57 (E.D.N.Y. 2013) (citations omitted). The standard to dismiss under each Rule is "substantially identical" *see e.g., Lerner v. Flee Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003); the "only 'substantive difference'" being "that under Rule 12(b)(1), 'the party invoking the Court's jurisdiction bears the burden of proof to demonstrate that subject matter jurisdiction exists, whereas' under Rule 12(b)(6), 'the movant bears the burden of proof on a motion to dismiss[.]'" *Baskerville v. Admin. for Children's Servs.*, No. 19-CV-602 (AMD) (LB), 2020 U.S. Dist. LEXIS 1605, at *3 (E.D.N.Y. Jan. 3, 2020) (quoting *Seemann v. U.S. Postal Serv.*, No. 11-CV-206, 2012 U.S. Dist. LEXIS 77092, at *1 (D. Vt. June 4, 2012)). Where, as here, the motion is made pursuant to both Rules, the jurisdiction challenge is considered first, since if the court "must dismiss the complaint for lack of subject

matter jurisdiction, the [defendant's] defenses and objections become moot and do not need to be determined." *Daly v. Citigroup Inc.*, 939 F.3d 415, 426 (2d Cir. 2019) (quoting *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990)).

### II.     Federal Rule 12(b)(2) and 12(b)(5)

Rule 12(b)(2) permits the court to dismiss a case for lack of personal jurisdiction over the defendant. *Sidik v. Royal Sovereign Int'l Inc.*, No. 17-CV-7020 (JS) (ARL), 2020 U.S. Dist. LEXIS 165906, at *5 (E.D.N.Y. Sept. 10, 2020). "In order to obtain personal jurisdiction over a party, that party must be properly served." *Ingram Micro, Inc. v. Airoute Caro Express, Inc.*, 2001 U.S. Dist. LEXIS 2912, at *7 (S.D.N.Y. Mar. 21, 2001) (citing Fed. R. Civ. P. 4(k)). When, as here, "the presence or absence of personal jurisdiction [] is solely dependent on the allegation of failure of service" it is appropriate to analyze the issue under Rule 12(b)(5). *Muhammad v. Annucci*, No. 19 Civ. 3258 (GBD) (OTW), 2020 U.S. Dist. LEXIS 9175, at *14 (S.D.N.Y. Jan. 17, 2020), *adopted by* 2020 U.S. Dist. LEXIS 47843 (S.D.N.Y. Mar. 19, 2020).

"When considering a Rule 12(b)(5) motion to dismiss for insufficient service of process, a court must look[] to matters outside the complaint to determine whether it has jurisdiction." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (quoting *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)). Once a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 758 (2d Cir. 2010). Accordingly, if the court determines that the defendant was not properly served, a court may "dismiss the action unless it appears that proper service may still be obtained." *Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 494 (2d Cir. 2003) (quoting *Romandette v. Weetabix Co.*, 807 F.2d 309, 311 (2d Cir. 1986)); *see also Bugliotti v. Republic of Arg.*, No. 17 Civ. 9934 (LAP), 2021 U.S. Dist. LEXIS 62770, at *8 (S.D.N.Y. Mar.

6

31, 2021) ("the Court is required to dismiss [the] action . . . 'unless it appears that proper service may still be obtained.'").

## DISCUSSION

As an initial matter, the causes of action against the New York Governor and Cuomo are unclear. Plaintiff claims that he "seeks relief secured by 42 U.S.C. § 1983" and multiple constitutional amendments[4] (Am. Compl. ¶ 1), but does not allege facts to suggest that the New York Governor or Cuomo violated any of his constitutional or federal statutory rights. Such an allegation is necessary to sustain a Section 1983 claim. *E.g., Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere."); *Contes v. City of New York*, No. 99 Civ. 1597 (SAS), 1999 U.S. Dist. LEXIS 10634, at *8 (S.D.N.Y. 1999) (citing *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) ("In order to prevail on a [Section] 1983 claim, plaintiff [] must plead that defendant['s] conduct deprived [him] of a federal right, since [Section] 1983 itself creates no substantive rights, but only provides a procedure to redress the deprivation of rights established elsewhere."). Instead, Plaintiff only alleges that former Governor Cuomo violated state laws, specifically N.Y.C.P.L.R. § 570 and N.Y. Pub. Off. Law. § 86. (*Id.* ¶¶ 92, 93). Violations of state law are not actionable under Section 1983. *E.g., Hansel v. Brazell*, 85 F. App'x 237, 238 (2d Cir. 2004) ("Section 1983 cannot be used as a redress for violations of state law.").

However, even if Plaintiff had properly alleged actionable violations under Section 1983, and even if the Court exercised supplemental jurisdiction over the state law claims, these claims would

---

[4] Specifically, the "Fourth, Fifth, Sixth, Eight[h] and Fourteenth Amendment[s] to the United States Constitution." (Am. Compl. ¶ 1).

7

fail as a matter of law and for multiple procedural deficiencies. Accordingly, for the reasons discussed herein, I respectfully recommend that the Motion to Dismiss be granted, and that the claims against the Governor of New York and Cuomo be dismissed with prejudice.

**I.      Official Capacity Claims Against the Governor of New York**

**A. The Court Lacks Subject Matter Jurisdiction Over Any Section 1983 Claim Against the Governor of New York**

Even if Plaintiff had alleged cognizable Section 1983 claims, these claims would be barred by the Eleventh Amendment and absolute immunity. *Gibson v. Comm'r of Mental Health*, No. 04 Civ. 4350 (SAS), 2006 U.S. Dist. LEXIS 27428, at *26 (S.D.N.Y. May 8, 2006) ("Section 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court, and New York has not waived its immunity . . . State employees in their official capacities are also constitutionally immune from suit in federal court, because such a lawsuit is no different than a suit against the state itself.") The Eleventh Amendment of the United States Constitution prohibits a private citizen from suing a state official in their official capacity in federal court. *See e.g., California v. Deep Sea Research, Inc.*, 523 U.S. 491, 502 (1998) ("a state official is immune from suit in federal court for actions taken in an official capacity"). This prohibition includes claims brought under state laws. *Pratesi v. N.Y. State Unified Court Sys.*, No. 08-CV-4828 (DRH) (MLO), 2010 U.S. Dist. LEXIS 11087, at *12 (E.D.N.Y. Feb. 9, 2010) (the Eleventh Amendment's bar to suing a state actor in federal court "extends to state law claims . . . .") (citing *Soc. for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1239, 1248 (2d Cir. 1984)).

There are only three exceptions to this general rule of immunity, none of which apply here.[5] *Fox*, 2006 U.S. Dist. LEXIS 11989, at *8. Therefore, any claims brought against the New York

---

[5] **First**, a State may waive its Eleventh Amendment immunity and consent to be sued. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). **Second**, "Congress may abrogate the sovereign

8

Governor pursuant to Section 1983 are barred by the Eleventh Amendment, and I respectfully recommend that they be dismissed. *See e.g., Winters v. New York*, No. 20 Civ. 8128 (LLS), 2020 U.S. Dist. LEXIS 210335 at *5 (S.D.N.Y. Nov. 5, 2020) (dismissing a Section 1983 claim against former Governor Cuomo because such claims are barred by the Eleventh Amendment); *Elmsford Apt. Assocs., LLC v. Cuomo*, 469 F. Supp. 3d 148, 161 (S.D.N.Y. 2020) ("[f]ederal courts do not have the power to address claims that Governor Cuomo has violated state law.").

### B. The Court Lacks Personal Jurisdiction Over Plaintiff's Official Capacity Claims Because Service Was Improper

The Court also lacks personal jurisdiction over the Governor of New York due to improper service. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Nolan v. Cuomo*, No. 11-CV-5827 (DHR) (AKT), 2013 U.S. Dist. LEXIS 6680, at *20 (E.D.N.Y. Jan. 16, 2013) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)). "Adequacy of service turns on compliance with Rules 4(e) or 4(j)(2) of the Federal Rules of Civil Procedure. Rule 4(e) covers adequacy of service in individual-capacity suits . . . [while] Rule 4(j)(2) covers adequacy of service

---

immunity of the States by acting pursuant to a grant of constitutional authority." *Iwachiw v. N.Y. City Bd. of Elections*, 217 F. Supp. 2d 374, 379 (E.D.N.Y. 2002) (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 80 (2000)). **Third**, under the *Ex parte Young* doctrine, the Eleventh Amendment permits "a suit against a state official when that suit seeks . . . prospective injunctive relief." *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996). Here, Plaintiff does not seek injunctive relief. (*See* Am. Compl. at 29). New York has not consented to be sued in this case; or in lawsuits brought under 42 U.S.C. § 1983 or state law claims generally. (Def.'s Mem. at 7, 29); *see also Gross v. New York*, 428 F. App'x 52, 53 (2d Cir. 2001). Therefore, the doctrines of waiver and *Ex Part Young* are not applicable. Although 42 U.S.C. § 1983 permits a private citizen to sue "[e]very person" who, under the color of law, deprives that citizen of his constitutional or federal statutory rights, *Vaciezel v. Great Neck Pub. Sch.*, 739 F. Supp. 2d 273, 282 (E.D.N.Y. 2010), it is well-settled that a governor acting in their official capacity is not a "person" for the purposes of a Section 1983 lawsuit. *See e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005) ("state officials cannot be sued in their official capacities for retrospective relief under [S]ection 1983."); *Steinberg v. Elkman*, No. 15 Civ. 278 (LTS) (DCF), 2016 U.S. Dist. LEXIS 21200 (S.D.N.Y. Feb. 22, 2016) (holding that Section 1983 claims against the Governor of New York in his official capacity are barred by the Eleventh Amendment). Accordingly, the exceptions to Eleventh Amendment immunity are not applicable in this case.

in suits against [the New York Governor]." *Xiu Jian Sun v. Cuomo*, No. 19-CV-497 (MAD) (DJS), 2019 U.S. Dist. LEXIS 181472, at *3-4 (N.D.N.Y. Oct. 21, 2019).

Pursuant to Federal Rule 4(j)(2), service on a state executive must be made by: "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the matter prescribed by the state's law for serving a summons or like process on such a defendant." *See also Spiteri v. Russo*, No. 12-CV-2780 (MKB), 2012 U.S. Dist. LEXIS 159108, at *2 (E.D.N.Y. Nov. 6, 2012) (service on the Governor of New York sued in his official capacity was improper because the Plaintiff only served a copy of the Summons and Complaint on the Attorney General's office). Under New York Law, C.P.L.R. § 307(2), "personal service on a state officer sued solely in an official capacity is made either (1) by personally serving the officer or (2) by mailing the officer a copy of the summons by certified mail *and* personally serving an assistant attorney-general at an office of the attorney-general or the attorney-general himself within the state." *Stoianoff v. Comm'r of Motor Vehicles*, 208 F.3d 204 (2d Cir. 2000) (quoting N.Y.C.P.L.R. § 307(2)) (emphasis in case). Importantly, service on the Attorney General's Office, even if accepted, "without mailing the documents to the office of the official, is insufficient service of process under N.Y.C.P.L.R. § 307(2)." *Spiteri*, 2012 U.S. Dist. LEXIS 159108 at *4; *see also Hanson v. New York*, No. 06-CV-6287, 2006 U.S. Dist. LEXIS 78072, at *2 (W.D.N.Y. Oct. 26, 2006) ("both state and federal courts have held that service upon an assistant attorney general is not sufficient to confer jurisdiction over a state agency or official, even if the assistant attorney general represents that he is authorized to accept service on their behalf.")

Here, the Affidavit of Service indicates only that a process server delivered a copy of the Amended Summons and Complaint to an individual at the New York State Attorney General's office. (Dkt. No. 25 at 1). There is no indication that Plaintiff sent a copy via certified mail to the

10

Governor's office. Therefore, service was improper under N.Y.C.P.L.R. § 307(2), and I respectfully recommend that the official capacity claims be dismissed.[6]

### C. Plaintiff's Section 1983 Claims are Time Barred

Finally, even if service was proper, any Section 1983 claims that Plaintiff may allege against the Governor of New York related to his extradition are time-barred. *Forman v. N.Y.C. Dep't of Educ.*, No. 19 Civ. 8156 (AT), 2020 U.S. Dist. LEXIS 169688, at *3 ("A three-year statute of limitations applies to § 1983 claims brought in New York."); *Patterson v. City of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004). A Section 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Stensrud v. Rochester Genesee Reg'l Transp. Auth.*, 507 F. Supp. 3d 444, 450 (W.D.N.Y. 2020) (quoting *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002); *see also Levy v. BASF Metals Ltd.*, 917 F.3d 106, 108 (2d Cir. 2019) (explaining that, in determining when a claim accrues, the "relevant inquiry" is when the party is aware of the injury), *cert. denied* 104 S. Ct. 536, 205 (2019).

Here, former Governor Cuomo signed the extradition warrant on February 15, 2017 (Dkt. No. 22-6) and Plaintiff was subsequently extradited on or about February 23, 2017. (Am. Compl. ¶ 65) ("Defendants assembled and fast-tracked a Governor's Warrant, purposely loaded with a false narrative and false information, at the last minute, around February 23, 2017. Plaintiff was given no opportunity to review the information and it was produced on the day of the illegal extradition.") Therefore, Plaintiff was aware of the alleged unlawful conduct by, at the latest, February 23, 2017. However, Plaintiff did not name the New York Governor as a defendant in this action until he filed

---

[6] Although courts have granted *pro se* plaintiffs additional time to serve the Governor where they believed service upon the Attorney General's office complied with N.Y.C.P.L.R. § 307(2), *see Spiteri*, 2012 U.S. Dist. LEXIS 159108, such an extension here would be futile since the claims should be dismissed for other reasons as well.

11

his Amended Complaint on October 5, 2020, (Dkt. No. 19), nearly seven months after the three-year statute of limitations period had expired.[7] *See Rosenberg v. South Carolina*, No. 9:06-3203 (MJP) (BM), 2008 U.S. Dist. LEXIS 123273, at *20 (D.S.C. Jan. 28, 2008), *adopted by* 2011 U.S. Dist. LEXIS 103635 (Sept. 9, 2011) (dismissing a *pro se* plaintiff's Section 1983 claim that an extradition warrant violated his constitutional rights because the claim accrued on the day he was arrested pursuant to that warrant, and plaintiff filed the action more than three years after that date). Accordingly, Plaintiff's Section 1983 claims are time barred, and I therefore respectfully recommend that they be dismissed with prejudice.

## II.     Claims Against Cuomo In His Individual Capacity

### A.  The Court Lacks Personal Jurisdiction Over Cuomo in His Individual Capacity

Under Fed. R. Civ. P. 4(e), an individual defendant may be served by delivering a copy of the summons and complaint (1) personally to the defendant; (2) to an individual who resides at the defendant's "dwelling or usual place of abode," or (3) "to an agent authorized by appointment or

---

[7] The Court acknowledges that the Complaint (Dkt. No. 1), which did not name the Governor of New York as a defendant, was filed on November 17, 2019, which is within the three-year statute of limitations for Section 1983 claims. The Complaint, like the Amended Complaint, alleges that the Governor's Warrant (Dkt. No. 22-6) was obtained based on false information and that former Governor Cuomo failed to investigate the claims before signing it. (*Compare* Compl. ¶ 44 *with* Am. Compl. ¶ 65). A claim against a defendant added in an amended complaint is not barred by the statute of limitations if it "relates back to a timely filed complaint." *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001). An amended complaint that names a new party relates back to the complaint if "the additional defendant must have been omitted from the original complaint *by mistake*." *Hutchinson v. City of New York*, No. 07-CV-841 (RJD) (CLP), 2010 U.S. Dist. LEXIS 35446, at *8 (E.D.N.Y. Feb. 8, 2010) (emphasis added); Fed. R. Civ. Pro. 15(c)(1)(c). A mistake does not include a situation where, as here, the Plaintiff "knew [the identity of the defendant] when [he] filed the original complaint." *Abdell v. City of New York*, No. 05 Civ. 8453 (KMK) (JCF), 2006 U.S. Dist. LEXIS 65222, at *15 (S.D.N.Y. Sept. 11, 2006) (citing *Cornwell v. Robinson*, 23 F.3d 394, 705 (2d Cir. 1994) (explaining that a plaintiff's failure to name a defendant in the complaint, when the plaintiff described the defendant's alleged illegal conduct in the complaint and knew the defendant's identity, "must be considered a matter of choice, not mistake" and therefore does not relate back to the complaint)); *see also Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) ("the failure to [identify] individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.") Here, the allegations in the Complaint identified former Governor Cuomo by name and described his alleged illegal conduct (Compl. ¶ 44); yet failed to name him as a defendant. Accordingly, Plaintiff's failure to name him as a defendant was a choice, not a mistake, and his Section 1983 claims are barred by the three-year statute of limitations. *Cornwell*, 23 F.3d at 705; *see also Afrika v. Seksky*, 750. Supp 595, 599 (S.D.N.Y. 1990) ("The statute of limitations was enacted precisely to prevent the bringing of stale claims and to protect defendants from the fear of unexpected litigation.")

by law to receive" service. In the alternative, a plaintiff may also effectuate service by "following state law for serving summons . . . in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under New York law, service on an individual can be made by: (1) personally serving the individual; or (2) delivering the summons to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the individual and then mailing the summons to the individual's last known residence or place of business. N.Y.C.P.L.R. § 308.

Here, there is no indication that Plaintiff served Cuomo properly under N.Y.C.P.L.R. § 308. The Affidavit of Service indicates only that a process server delivered a copy of the Amended Summons and Complaint to an individual at the New York State Attorney General's office. (Dkt. No. 25 at 1). Service upon the Attorney General does not constitute service upon a state official sued in his individual capacity. *See Schacter v. Sobol*, 213 A.D. 551, 552-53 (2d Dep't 1995) ("service of process upon [the] Attorney [] General without personal service upon [the] Commissioner or agent specifically designated to receive process on his behalf was inadequate to gain personal jurisdiction over [the] Commissioner."); *see also Bogle-Assegai v. Connecticut*, 470 F.3d 498 (2d Cir. 2006) (interpreting a Connecticut statute comparable to N.Y.C.P.L.R. § 308 and holding that service on the Office of the State's Attorney General was insufficient to constitute service on a state official sued in their individual capacity). Therefore, service was improper under N.Y.C.P.L.R. § 308.

Since Plaintiff failed to properly serve Cuomo, I respectfully recommend that the claims against him in his individual capacity be dismissed. *Hanson*, 2006 U.S. Dist. LEXIS 78072, at *2; *Schacter v. Sobol*, 213 A.D. 551, 552-53.

13

### B. Plaintiff's Claims Are Barred By Absolute Judicial Immunity

Even if service had been proper, Plaintiff's claims against Cuomo are barred by the doctrine of judicial immunity. "Acts that are intimately associated with the judicial phase of the criminal process" are shielded by absolute immunity. *Harvey v. Queens Cnty. DA*, No. 18-CV-5373 (MKB), 2020 U.S. Dist. LEXIS 29403, at *3 (E.D.N.Y. Feb. 20, 2020) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009)). In claims of absolute immunity, "courts focus on 'the nature of the function performed, not the identity of the actor who performed it.'" *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. 2021) (quoting *Bernard v. Cnty. of Suffolk*, 356 F.3d 495, 503 (2d Cir. 2004)). Other Circuits have held that a governor's role in evaluating an extradition request is judicial in nature, therefore, any claims arising from the governor's role in the extradition process are barred by absolute immunity. *See White v. Armontrout*, 29 F.3d 357, 360 (8th Cir. 1994) ("the governor's role in evaluating extradition requests and issuing arrest warrants consequent to them is judicial in nature and therefore entitled to absolute immunity from suit."); *Rivera v. Algarin*, 350 F. App'x 703, 708 (3d Cir. 2009) (noting that a governor's role in evaluating an extradition warrant is barred by absolute immunity); *Miller v. Davis*, 521 F.3d 1142, 1147 (9th Cir. 2008) (a governor is entitled to absolute immunity when acting in a quasi-judicial role); *see also Overall v. Univ. of Pa.*, 412 F.3d 492, 497 (3d Cir. 2005) ("quasi-judicial privilege should be extended to . . . 'the governor of a State of the United States engaged in an extradition hearing.'") (quoting Restatement (Second) of Torts § 585); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 471-72 (4th Cir. 2000) (extradition is intimately associated with the judicial phase of a criminal process).

Accordingly, any actions taken by former Governor Cuomo in relation to evaluating the Connecticut extradition warrant or signing the Governor's Warrant are shielded from suit by judicial immunity. *See e.g.*, *White*, 29 F.3d at 360. Therefore, I respectfully recommend that any

14

claim related to these actions be dismissed. *McKnight v. Middleton*, 699 F. Supp.2d 507, 523 (E.D.N.Y. 2010) (noting that absolute immunity is "an immunity from suit, not just from ultimate assessment of damages.")

### C.  Qualified Immunity

Even if absolute immunity was unavailable to Cuomo, he would nonetheless be shielded from this lawsuit by qualified immunity. Qualified immunity shields a governor "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *Scheuer v. Rhodes*, 461 U.S. 232, 247-50 (1974) (a governor is entitled to qualified immunity); *see also Scott v. Fischer*, 616 F.3d 100, 104 (2d Cir. 2010) (noting that qualified immunity also extends to former officials). Like judicial immunity, qualified immunity is immunity from a lawsuit itself, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), and shields the governor from suit even if his alleged illegal action was the result of "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004). Indeed, qualified immunity protects officials who "act in ways they reasonable believe to be lawful," *Anderson v. Creighton*, 483 U.S. 635, 641 (1987), and protects "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Here, Plaintiff does not allege that former Governor Cuomo violated any of his "clearly established statutory or constitutional rights." *Pearson*, 555 U.S. at 231.

> For qualified immunity purposes, "[a] right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful."

15

*Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003) (quoting *Young v. County of Fulton*, 160 F.3d 899, 903 (2d. Cir. 1998)).

Plaintiff argues that "no proper investigation was conducted by [former Governor Cuomo] and his office leading to an unlawful extradition . . . outside of the statues of CPL 570 and New York State law." Plaintiff is mistaken. N.Y.C.P.L.R. §570.10 provides that

> When a demand shall be made upon the governor of this state by the executive authority of another state for the surrender of a person so charged with crime, the governor *may* call upon the attorney general or any district attorney in this state to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered.

N.Y.C.P.L.R. §570.10 (emphasis added).

The statute does not *require* the governor to conduct an investigation. Indeed, the Constitution requires that "[a] person charged [with] a crime, who shall flee from [j]ustice, and be found in another state, shall on demand of the executive authority of the state from which [the fugitive] fled, be delivered up, to be removed to the state having jurisdiction of the crime." Const. Art. IV Sec. 2. Therefore, the only investigative role of the governor, once he receives a requisition request from the governor of another state, is to determine the identity of the person arrested pursuant to the warrant and ensure that the person that is extradited is the individual requested by the other state. *See Keller v. Butler*, 246 N.Y. 249, 252 (1927); *Hogan v. O'Neill*, 255 U.S. 52, 56 (1921) ("[w]hether in fact he was a fugitive from justice was for the determination of the Governor . . . The warrant of arrest issued in compliance with the demand of the Governor [of another state] shows that he found appellant to be a fugitive; and this conclusion must stand unless clearly overthrown, which appellant has not succeeded in doing.")

Here, former Governor Cuomo signed the Governor's Warrant after receiving a facially valid requisition request from the Governor of Connecticut. (Dkt. No. 40-1; *see also* Dkt. Nos. 40-2, 40-

16

3, 40-4). Plaintiff does not dispute that he was the individual named in the extradition request or that there was a warrant for his arrest in Connecticut. As Cuomo correctly argues, "there is no clearly established right not to be extradited pursuant to a facially valid requisition request." (Def.'s Mem. at 13). Accordingly, any action that former Governor Cuomo took related to reviewing the requisition request and issuing the Governor's Warrant are shielded from suit by qualified immunity. Therefore, I respectfully recommend that this claim be dismissed with prejudice.

### III. The Court Should Refuse To Exercise Supplemental Jurisdiction Over Any Remaining State Law Claims

Finally, to the extent Plaintiff brings state law claims, these claims should be dismissed for lack of supplemental jurisdiction.[8]

"Generally, 'when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.'" *Watson v. Huntly*, No. 18 Civ. 9366 (LLS), 2018 U.S. Dist. LEXIS 213952, at *18 (S.D.N.Y. Oct. 10, 2018) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all original jurisdiction."). Here, the only federal statutes cited by Plaintiff are 42 U.S.C. § 1983 and § 1988. As previously discussed, any Section 1983 claim against the New York Governor or Cuomo are barred for multiple reasons, including the statute of limitations. *See supra* Section I and Section II. Section 1988 pertains to attorney's and expert fees, neither of which are relevant in this case, as Plaintiff is *pro se* and has not hired any experts.

---

[8] As explained in more depth herein, this Court lacks subject matter and personal jurisdiction over Plaintiff's official capacity claims, *see supra* Section I A, Section I B, and claims against Cuomo relating to the Governor's Warrant and extradition are barred by absolute and qualified immunity. *See supra* Section II B and Section II C.

Therefore, since Plaintiff has no actionable federal claims, I respectfully recommend that the Court decline to exercise supplemental jurisdiction over any state law claim.[9]

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Motion to Dismiss be granted, and that the claims against the New York Governor and Cuomo be dismissed with prejudice. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Eric R. Komitee within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

*Ramon E. Reyes, Jr.*

RAMON E. REYES, JR.
United States Magistrate Judge

Dated: October 5, 2021
Brooklyn, New York

---

[9] Even if the Court did exercise supplemental jurisdiction over any claim related to N.Y.C.P.L.R. § 570 and N.Y. Pub. Off. L. § 86, these claims would fail as a matter of law. First, Plaintiff cannot successfully assert any state law claim related to his extradition because he is no longer in custody and the extradition documents were facially sufficient. *See People ex rel*. *Angell v. Scoralick*, 265 A.D.2d 354, 355 (2d Dep't 1999) (noting that pursuant to N.Y.C.P.L.R. § 570, a petitioner "has the right to challenge extradition to another State in a habeas corpus proceeding" and dismissing the petition because "the extradition documents [were] facially sufficient and [met] all of the requirements of a proper demand for extradition.") Second, any claim related to an alleged New York Freedom of Information Law (FOIL) request violation is not actionable because Plaintiff failed to exhaust his administrative remedies. Specifically, Plaintiff must bring any New York state FOIL claim pursuant to an Article 78 hearing in state court. *See e.g., Schuloff v. Fields*, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) ("This court does not have jurisdiction to decide whether defendant violated a state law granting the public access to official records. The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y.C.P.L.R. Article 78 upon exhaustion of administrative remedies.")